IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSARIO CANO, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. |
| v. | : | |
| | : | |
| KEYSTONE FOOD PRODUCTS INC., | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

COMPLAINT

I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Rosario Cano, (hereinafter "Rosario Cano" or "Plaintiff"). Plaintiff was an employee of Keystone Food Products, Inc. (hereinafter "Keystone Food Products" or "Defendant"), who has been harmed by race, national origin and/or ethnicity based harassment and discrimination and failure to accommodate a known disability and retaliatory practices, as well as other improper conduct by Defendant Keystone Food Products and its agents, servants and representatives named herein. This action is brought under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, Title 42 U.S.C. § 2000e, et seq., Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended.

## II.  JURISDICTION AND VENUE

1. The original jurisdiction of this Court is invoked, and venue is in this District, pursuant to Title 28 U.S.C. §1331, 1391, 2201, 2202, 1343 and the claim is substantively based on Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000e, *et seq.*, and Section 107 (a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* and 42 U.S.C. § 12117 (a), which incorporates by reference Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000(e) *et seq.*

2. All conditions precedent to the institution of this suit have been fulfilled. As to the Title VII and ADA claims, Plaintiff has invoked the procedure set forth in § 706(a) of Title VII and has received a Notice of Right to Sue as required by that statute. On or about June 12, 2020, Plaintiff filed a Charge of Discrimination with the EEOC against the Defendant, alleging, *inter alia*, race, national origin and/or ethnicity based employment harassment and discrimination, disability discrimination and retaliation. A Notice of Right to Sue was issued by the Equal Employment Opportunity Commission on January 8, 2021.

3. This action has been filed within ninety (90) days of receipt of said Notice from the EEOC.

## III. PARTIES

4. Plaintiff, Rosario Cano, is a 51 year old, Hispanic female who was born in Peru and is a resident of the Commonwealth of Pennsylvania residing at 241 Clearfield Street, Freemansburg, Pennsylvania.

5. Defendant, Keystone Food Products, is a corporation organized and doing business under the laws of the Commonwealth of Pennsylvania with offices and a principle place of business at 3767 Hecktown Road, Easton, Pennsylvania.

6. Nancy Biddle (hereinafter "Biddle") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Biddle was an employee of Defendant Keystone Food Products. At all times relevant hereto, Biddle was an agent, servant, workman and/or employee of Defendant Keystone Food Products, acting and or failing to act within the scope, course and authority of her employment and her employer, Keystone Food Products. At all times relevant, Biddle was acting in her supervisory capacity as an employee of Defendant Keystone Food Products and her personal capacity.

7. Jared Schmeal (hereinafter "Schmeal") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Schmeal was an employee of Defendant Keystone Food Products. At all times relevant hereto, Schmeal was an agent, servant, workman and/or employee of Defendant Keystone Food Products, acting and or failing to act within the scope, course and authority of his employment and his employer, Keystone Food Products. At all times relevant, Schmeal was acting in his supervisory

capacity as an employee of Defendant Keystone Food Products and his personal capacity.

8. Terry Singh (hereinafter "Singh") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Singh was an employee of Defendant Keystone Food Products. At all times relevant hereto, Singh was an agent, servant, workman and/or employee of Defendant Keystone Food Products, acting and or failing to act within the scope, course and authority of his employment and his employer, Keystone Food Products. At all times relevant, Singh was acting in his supervisory capacity as an employee of Defendant Keystone Food Products and his personal capacity.

9. Cynthia Norris (hereinafter "Norris") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Norris was an employee of Defendant Keystone Food Products. At all times relevant hereto, Norris was an agent, servant, workman and/or employee of Defendant Keystone Food Products, acting and or failing to act within the scope, course and authority of her employment and her employer, Keystone Food Products. At all times relevant, Norris was acting in her capacity as an employee of Defendant Keystone Food Products and her personal capacity.

10. James Santo (hereinafter "Santo") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Santo was an employee of Defendant Keystone Food Products. At all times relevant hereto, Santo was an agent, servant, workman and/or employee of Defendant Keystone Food Products, acting and or failing to act within the scope, course

and authority of his employment and his employer, Keystone Food Products. At all times relevant, Santo was acting in his supervisory capacity as an employee of Defendant Keystone Food Products and his personal capacity.

11. Bill Carriere, Jr. (hereinafter "Carriere") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Carriere was an owner and employee of Defendant Keystone Food Products. At all times relevant hereto, Carriere was an agent, servant, workman and/or employee of Defendant Keystone Food Products, acting and or failing to act within the scope, course and authority of his employment and his employer, Keystone Food Products. At all times relevant, Carriere was acting in his supervisory capacity as an owner and employee of Defendant Keystone Food Products and his personal capacity.

12. Jocelyn Rodriguez (hereinafter "Rodriguez") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Rodriguez was an employee of Defendant Keystone Food Products. At all times relevant hereto, Rodriguez was an agent, servant, workman and/or employee of Defendant Keystone Food Products, acting and or failing to act within the scope, course and authority of her employment and her employer, Keystone Food Products. At all times relevant, Rodriguez was acting in her capacity as an employee of Defendant Keystone Food Products and her personal capacity.

13. At all times relevant hereto, Keystone Food Products was acting through its agents, servants and employees.

14. At all times relevant herein, Defendant Keystone Food Products is and has been a "person" and "employer" as defined under Title VII and is subject to the provisions of said Act.

15. At all times relevant herein, Plaintiff was an "employee" as defined by the ADA, 42 U.S.C. § 12111(4), and is subject to the provisions of this Act.

16. At all times relevant herein, Plaintiff was a "person" as defined by the ADA, 42 U.S.C. § 12111(7), and is subject to the provisions of said Act.

17. At all times relevant herein, Plaintiff was "disabled" as defined by the ADA, 42 U.S.C. § 12102(1), and is subject to the provisions of said Act.

18. At all times relevant herein, Plaintiff was a "qualified individual" as defined by the ADA, 42 U.S.C. § 12111(8), and is subject to the provisions of said Act.

19. At all times relevant herein, Defendant Keystone Food Products was an "employer" as defined by the ADA, 42 U.S.C. § 12111(5), and is subject to the provisions of said Act.

20. At all times relevant herein, Defendant Keystone Food Products was a "person" as defined by the ADA, 42 U.S.C. § 12111(7), and is subject to the provisions of said Act.

21. At all times relevant hereto, Defendant Keystone Food Products owned, operated, controlled and managed the Easton, Pennsylvania location, by and through the conduct of its officers, managers agents and employees, all acting within the scope and course of their employment.

22. At all times relevant hereto, Defendant Keystone Food Products acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

23. At all relevant times herein, Defendant Keystone Food Products knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

## IV. CAUSES OF ACTION

24. Rosario Cano is a Hispanic female employee, who was born in Peru, hired by Defendant Keystone Food Products in or about September 18, 2000 as a packer. Plaintiff was promoted to machine operator after several years. Plaintiff was employed in that position until she was terminated by Defendant Keystone Food Products on or about December 18, 2019.

25. At all times relevant, Plaintiff, Rosario Cano, maintained satisfactory job performance and had at all times fulfilled all of the duties and obligations commensurate with her 19 year employment with Defendant.

26. At all times relevant hereto, Defendant Keystone Food Products failed to establish, maintain and enforce an effective and well-known policy against harassment and discrimination based on race, ethnicity, national origin and disability that provided a meaningful complaint and reporting procedure.

27. Throughout the course of her employment, beginning as early as immediately after she was hired, continuing until her termination on or about December 18, 2019, Rosario Cano was subjected to racial, national origin and/or ethnicity-based harassment and discrimination and disability harassment, discrimination and retaliation. Employees and/or her supervisors, specifically Nancy Biddle, Jared Schmeal, Terry Singh, Cynthia Norris, James Santo, Bill Corriere, Jr. and/or Jocelyn Rodriguez and others employed by Defendant Keystone Food Products subjected Plaintiff to harassment and retaliation on numerous occasions in Plaintiff's presence and in the presence of other employees.

28. Plaintiff has been discriminated against because of her national origin, race, and/or ethnicity and disability and has been exposed to a hostile work environment and retaliated against because she complained of discrimination.

29. Soon after Plaintiff began working for Defendant Keystone Food Products, the aforementioned employees and supervisors began to subject Plaintiff to incessant harassment based on Plaintiff's national origin, race and/or ethncity, including but not limited to:

    a. Singh frequently complained that Plaintiff was not speaking English;

    b. Singh frequently subjected Plaintiff to hypercriticism and hyperscrutiny regarding her work performance;

    c. Singh frequently screamed at Plaintiff;

    d. Plaintiff was criticized for needing a translator when she provided statements for or attended meetings with her supervisors.

30. On or about August 27, 2015, Plaintiff was injured in the course and scope of her employment with Keystone Food Products.

31. As a result of the aforementioned injury, Plaintiff was diagnosed with a medical condition that is a disability as defined by the ADA, as amended by the ADAAA, because it is a chronic condition that substantially limits one or more major life activities, including pushing, pulling, and lifting, especially above shoulder height.

32. Despite medical treatment, Plaintiff remains more limited in her ability to use her arms than members of the general population and struggles to look up of down because of neck pain. Because of her medical condition, Plaintiff is unable to sleep on her back.

33. Defendant was on notice of Plaintiff's medical condition because Plaintiff filed for workers' compensation benefits.

34. Defendant was on notice of the work restrictions from Plaintiff's doctor.

35. Biddle consistently engaged in a pattern of hypercriticism and hyperscrutiny of Plaintiff, which intensified after her ADA protected status and conduct, including, but not limited to:

    a. Frequently screaming, "do you want to work?!" if Plaintiff was struggling, especially in lifting and pulling;

    b. Yelling at Plaintiff to "return to the production floor" during her bathroom and lunch breaks;

    c. Telling Plaintiff she was "taking too long" on her five-minute bathroom breaks;

    d. Yelling at Plaintiff for troubleshooting and fixing a broken tape machine to keep the production moving for the packers and accusing her of "not doing [her] job;"

    e. In the summer of 2019, after Plaintiff returned to work after having surgery, yelling at Plaintiff for leaving for a previously schedule doctor's appointment and screaming in front of Plaintiff's co-workers, "Her first day back and she is already leaving early."

36. Following Plaintiff's surgery, and during the time Plaintiff was on light duty restrictions from her doctor, she was frequently assigned to work on heavy lifting duties and machines, which were above her weight restrictions, most notably the Fuji machine.

37. Following Plaintiff's surgery, she was summoned to a meeting with Biddle, Schmeal, Norris and Santo. At that meeting the aforementioned pressured Plaintiff to ask her doctor to change her work restrictions.

38. When Plaintiff reminded Biddle that she was struggling and in pain, especially while working on the Fuji machine, Biddle replied, "do you want to work or not?"

39. Specifically Plaintiff was told at the above referenced meeting, that if she did not bring in "different paperwork," she "wouldn't have a job."

40. Fearing the aforementioned threats that she would lose her job if she did not ask her doctor to modify her work restrictions, Plaintiff went to her doctor and asked that her restrictions be reduced.

41. During this time Plaintiff was falsely accused, written up and suspended wrongfully for mistakes she did not make.

42. Biddle gave Plaintiff a workmanship violation warning and suspended Plaintiff, while Williams, a Caucasian was not suspended.

43. Plaintiff challenged the suspension to Corrier and told him that Biddle was discriminating against her and Corrier acknowledged that the suspension was wrongfully imposed.

44. In or about March 2019, April 2019, and November 2019, Plaintiff reported a pattern of harassment and discrimination against her by Rodriguez, including, but not limited to the following:

    a. Regularly yelling insults at Plaintiff;

    b. Using slurs against Plaintiff;

    c. Regularly shouting profanities at Plaintiff;

    d. Getting so close and physically threatening Plaintiff, by ripping a bag of product out of her hands.

45. Plaintiff reported Rodriguez's pattern and practice of harassing conduct, physical attacks and threats against her to Schmeal and Singh.

46. Despite reporting her fears of working with Rodriguez and concerns to Schmeal and Singh, no remedial action was taken and Plaintiff was forced to work with Rodriguez on a daily basis.

47. Schmeal and Singh were on notice that Rodriguez had a history of fighting at work.

48. On or about December 4, 2019, Plaintiff spoke with Schmeal and told him that working on the same machine for seven straight weeks had exacerbated her medical condition.

49. Plaintiff explained to Schmeal that she was in a great deal of pain.

50. Plaintiff requested that Schmeal move her to a new position in order to alleviate her constant pain.

51. Schmeal ignored Plaintiff's requests and took no remedial action.

52. Defendant never acted on Plaintiff's request for accommodation and never engaged in the interactive process.

53. On or about December 17, 2019, Plaintiff was again physically attacked by Rodriguez, which was unprovoked by Plaintiff.

54. Rodriguez kicked Plaintiff in the stomach while screaming at Plaintiff. The attack on Plaintiff was unprovoked.

55. A co-employee, a mechanic working nearby, intervened because Rodriguez was kicking Plaintiff.

56. At all times, Plaintiff worked to the best of her ability and did not purposefully or intentionally violate any work rules.

57. Despite the fact that Plaintiff had no history, in her 19 years working for Defendant, of fighting, Plaintiff was fired.

58. Defendant's stated reason for terminating Plaintiff is manufactured and pretextual, as Plaintiff believes and asserts that comparable employees are not treated similarly in such cases.

59. Moreover, Plaintiff, who was attacked, did not commit an act or have the intent to cause bodily injury in violation of Defendant's policy.

60. In retaliation for Plaintiff reporting the hostile work environment, harassment, discrimination, and retaliation to which she was exposed, she was ostracized and subjected to intensified harassment with the knowledge and acquiescence of Defendant Keystone Food Products.

61. Defendant has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff, and heard allegations from Plaintiff of harassment discrimination and retaliation.

62. Defendant has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff and heard her request for accommodation for her medical condition.

63. At all relevant times herein, Defendant knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

64. The aforementioned demeaning and degrading comments and conduct were made by Biddle, Schmeal, Singh, Norris, Santo, Carriere and/or Rodriguez at a time when they spoke with the apparent authority of Defendant Keystone Food Products.

65. Instead of investigating the aforementioned allegations or taking prompt remedial actions, Defendant Keystone Food Products and Biddle, Schmeal, Singh, Norris, Santo, Carriere and/or Rodriguez retaliated against Rosario Cano and failed to promptly and effectively address Plaintiff's complaints concerning their harassment, discrimination, failure to accommodate and retaliation.

66. Defendant Keystone Food Product's supervisors, managers, and employees participated in and encouraged the discrimination and retaliation to which Plaintiff was subjected.

## COUNT I
## ROSARIO CANO
### v.
## KEYSTONE FOOD PRODUCTS
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991

67. Paragraphs 1 through 66 inclusive, are incorporated by reference as if fully set forth at length herein.

68. Based on the foregoing, the Defendant has engaged in unlawful practices in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. § 2000e, *et seq.*

69. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, retaliating against her because of her opposition to the illegal conduct in the workplace, subjecting her to more onerous working conditions and treating her in a disparate manner.

70. All of the foregoing acts by Defendant were solely motivated by Plaintiff's race, ethnicity and/or national origin in violation of 42 U.S.C. § 2000e, *et seq.*

71. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendants in violation of Title 42 U.S.C. § 2000e, *et seq.*, Plaintiff sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay and interest due thereon.

### COUNT II
### ROSARIO CANO
### v.
### KEYSTONE FOOD PRODUCTS
### <u>RETALIATION UNDER TITLE VII</u>

72. Paragraphs 1 through 71 inclusive, are incorporated by reference as if fully set forth at length herein.

73. By the acts complained of, Defendant has retaliated against Plaintiff for exercising her rights under Title VII in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. §2000e *et seq.* in violation of these acts.

74. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

### COUNT III
### ROSARIO CANO
### v.
### KEYSTONE FOOD PRODUCTS
### <u>VIOLATION OF THE ADA</u>

75. Paragraphs 1 through 74, inclusive, are incorporated by reference as if fully set forth at length herein.

76. At all times relevant herein, Plaintiff was disabled, had a record of a disability, and was regarded as and/or perceived as disabled by Defendant.

77. Plaintiff was able to perform all of the essential functions of her position with or without accommodation.

78. By reason of the conduct set forth above, Defendant intentionally, knowingly, and purposefully violated the ADA by invidiously discriminating against the qualified Plaintiff who had a disability.

79. By its actions and inactions through its agents, servants, and representatives, Defendant created, maintained, and permitted to be maintained a work environment, which was hostile to persons such as Plaintiff who are disabled, have a record of, or are perceived as having a disability.

80. As a direct result of Plaintiff's disability and/or request for accommodation, Defendant terminated Plaintiff's employment. Defendant's aforesaid actions were outrageous, egregious, malicious, intentional, willful, wanton, and in reckless disregard of Plaintiff's rights.

## COUNT IV

### ROSARIO CANO
### v.
### KEYSTONE FOOD PRODUCTS
### RETALIATION UNDER THE ADA

81. Paragraphs 1 through 80, inclusive, are incorporated by reference as if fully set forth at length herein.

82. By the acts complained of, Defendant has retaliated against Plaintiff for exercising her rights under the Americans with Disabilities Act in violation of the Act.

83. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

## V. PRAYER FOR RELIEF

84. Plaintiff repeats the allegations of paragraphs 1 through 83 of this Complaint as if set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in his favor and against Defendants and requests that this Court:

    a. Exercise jurisdiction over her claims;

    b. Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, and punitive damages;

    c. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

    d. Order Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments to employment, to which she would have been entitled, had she not been subject to unlawful discrimination;

e. Order Defendants compensate Plaintiff with an award of front pay, if appropriate;

f. Order Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of Defendant's unlawful conduct;

g. Order Defendant pay to Plaintiff punitive damages and compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

h. Order Defendant pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

i. Award Plaintiff her attorneys' fees and costs; and

j. Grant such other relief as the Court deems just and equitable.

## VI. JURY DEMAND

Plaintiff demands trial by jury.

HAHALIS & KOUNOUPIS, P.C.

By:_____
GEORGE S. KOUNOUPIS, ESQUIRE
20 East Broad Street
Bethlehem, PA 18018
(610) 865-2608
Attorneys for Plaintiff,
Rosario Cano

Date: March 31, 2021