| | | |
|---|---|---|
| ROSARIO CANO, | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | No. 5:21-cv-01527 |
| **v.** | : | |
| | : | |
| **KEYSTONE FOOD PRODUCTS** | : | |
| **INC., NANCY BIDDLE,** | : | |
| **JARED SCHMEAL, CYNTHIA** | : | |
| **NORRIS, JAMES SANTO,** | : | |
| **Defendants.** | : | **JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

## I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Rosario Cano, (hereinafter "Rosario Cano" or "Plaintiff"). Plaintiff was an employee of Keystone Food Products, Inc. (hereinafter "Keystone Food Products" or "Defendant"), who has been harmed by discrimination and failure to accommodate a known disability and retaliatory practices, as well as other improper conduct by Defendant Keystone Food Products and its agents, servants and representatives and the Individual Defendants (hereinafter "individual Defendants") named herein.

This action is brought under Title 42 U.S.C. § 2000e, *et seq.*, Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, and the Pennsylvania Human Relations Act, and Pennsylvania common law.

## II.    JURISDICTION AND VENUE

1.  The original jurisdiction of this Court is invoked, and venue is in this District, pursuant to Title 28 U.S.C. §1331, 1391, 2201, 2202, 1343 and the claim is substantively based on Section 107 (a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. and 42 U.S.C. § 12117.

2.  All conditions precedent to the institution of this suit have been fulfilled. As to the ADA claims, Plaintiff has invoked the procedure and has received a Notice of Right to Sue as required by that statute. On or about June 12, 2020, Plaintiff filed a Charge of Discrimination with the EEOC, which was jointly filed with the Pennsylvania Human Relations Commission, against the Defendant, alleging, *inter alia*, disability discrimination, failure to accommodate and retaliation. A Notice of Right to Sue was issued by the Equal Employment Opportunity Commission on January 8, 2021.

3.  This action has been filed within ninety (90) days of receipt of said Notice from the EEOC.

4.  More than one year has elapsed since the filing of the Complaint with PHRC.

## III. PARTIES

5.  Plaintiff, Rosario Cano, is a 51-year-old, Hispanic female with ADA/PHRA covered disabilities, who was born in Peru and is a resident of the

Commonwealth of Pennsylvania residing at 241 Clearfield Street, Freemansburg, Pennsylvania.

6. Defendant, Keystone Food Products, is a corporation organized and doing business under the laws of the Commonwealth of Pennsylvania with offices and a principal place of business at 3767 Hecktown Road, Easton, Pennsylvania.

7. Defendant, Nancy Biddle, (hereinafter "Biddle") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Biddle was an employee of Defendant Keystone Food Products. At all times relevant hereto, Biddle was an agent, servant, workman and/or employee of Defendant Keystone Food Products, acting and or failing to act within the scope, course and authority of her employment and her employer, Keystone Food Products. At all times relevant, Biddle was acting in her supervisory capacity as an employee of Defendant Keystone Food Products and her personal capacity.

8. Defendant, Jared Schmeal, (hereinafter "Schmeal") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Schmeal was an employee of Defendant Keystone Food Products. At all times relevant hereto, Schmeal was an agent, servant, workman and/or employee of Defendant Keystone Food Products, acting and or failing to act within the scope, course and authority of his employment and his employer, Keystone Food Products. At all times relevant, Schmeal was acting in his supervisory capacity as an employee of Defendant Keystone Food Products and his personal capacity.

9. Defendant, Cynthia Norris, (hereinafter "Norris") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Norris was an employee of Defendant Keystone Food Products. At all times relevant hereto, Norris was an agent, servant, workman and/or employee of Defendant Keystone Food Products, acting and or failing to act within the scope, course and authority of her employment and her employer, Keystone Food Products. At all times relevant, Norris was acting in her capacity as an employee of Defendant Keystone Food Products and her personal capacity.

10. Defendant, James Santo, (hereinafter "Santo") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Santo was an employee of Defendant Keystone Food Products. At all times relevant hereto, Santo was an agent, servant, workman and/or employee of Defendant Keystone Food Products, acting and or failing to act within the scope, course and authority of his employment and his employer, Keystone Food Products. At all times relevant, Santo was acting in his supervisory capacity as an employee of Defendant Keystone Food Products and his personal capacity.

11. Jocelyn Rodriguez (hereinafter "Rodriguez") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Rodriguez was an employee of Defendant Keystone Food Products. At all times relevant hereto, Rodriguez was an agent, servant, workman and/or employee of Defendant Keystone Food Products, acting and or failing to act within the scope, course and authority of her employment and her employer, Keystone

Food Products. At all times relevant, Rodriguez was acting in her capacity as an employee of Defendant Keystone Food Products and her personal capacity.

12. At all times relevant hereto, Keystone Food Products was acting through its agents, servants and employees.

13. At all times relevant herein, Plaintiff was an "employee" as defined by the ADA, 42 U.S.C. § 12111(4), and is subject to the provisions of this Act.

14. At all times relevant herein, Plaintiff was a "person" as defined by the ADA, 42 U.S.C. § 12111(7), and is subject to the provisions of said Act.

15. At all times relevant herein, Plaintiff was "disabled" as defined by the ADA, 42 U.S.C. § 12102(1), and is subject to the provisions of said Act.

16. At all times relevant herein, Plaintiff was a "qualified individual" as defined by the ADA, 42 U.S.C. § 12111(8), and is subject to the provisions of said Act.

17. At all times relevant herein, Defendant Keystone Food Products was an "employer" as defined by the ADA, 42 U.S.C. § 12111(5), and is subject to the provisions of said Act.

18. At all times relevant herein, Defendant Keystone Food Products was a "person" as defined by the ADA, 42 U.S.C. § 12111(7), and is subject to the provisions of said Act.

19. At all times relevant hereto, Defendant Keystone Food Products owned, operated, controlled and managed the Easton, Pennsylvania location, by and

through the conduct of its officers, managers agents and employees, all acting within the scope and course of their employment.

20. At all times relevant hereto, the Individual Defendants were adult individuals residing or doing business within the jurisdiction of this Judicial District in the Commonwealth of Pennsylvania, and except as specifically specified herein, were agents, servants and employees of Keystone Food Products, acting within the scope and course of their employment.

21. At all times relevant hereto, Defendant Keystone Food Products acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

22. At all relevant times herein, Defendant Keystone Food Products knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

23. At all times relevant herein, Defendants Keystone Food Products and/or Biddle and/or Schmeal and/or Norris and/or Santo knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

24. Defendant Keystone Food Products failed to promptly prevent, stop, remediate, investigate and/or address Plaintiff's allegations and reporting of harassment and discrimination, failure to accommodate and disability discrimination.

## IV. CAUSES OF ACTION

25. Rosario Cano is a Hispanic female employee, with ADA/PHRA covered disabilities who was born in Peru, hired by Defendant Keystone Food Products in or about September 18, 2000 as a packer. Plaintiff was promoted to machine operator after several years. Plaintiff was employed in that position until she was terminated by Defendant Keystone Food Products on or about December 18, 2019.

26. At all times relevant, Plaintiff, Rosario Cano, maintained satisfactory job performance and had at all times fulfilled all of the duties and obligations commensurate with her 19-year employment with Defendant.

27. At all times relevant hereto, Defendant Keystone Food Products failed to establish, maintain and enforce an effective and well-known policy against harassment and discrimination-based disability that provided a meaningful complaint and reporting procedure.

28. At all relevant times Keystone did not maintain and implement an effective policy and procedure to implement the provisions of the ADA including as to the interactive process and reasonable accommodation.

### A. Allegations of Discrimination Under the ADA and PHRA

29. Throughout the course of her employment, beginning as early as immediately after she was hired, continuing until her termination on or about December 18, 2019, Rosario Cano was subjected to racial, national origin and/or ethnicity-based harassment and discrimination and retaliation.

30. Employees and/or her supervisors, specifically Defendants Biddle, Schmeal, Norris, Santo, and/or Jocelyn Rodriguez and others employed by Defendant Keystone Food Products subjected Plaintiff to harassment and retaliation on numerous occasions in Plaintiff's presence and in the presence of other employees.

31. Plaintiff has been discriminated against because of her disabilities, has been exposed to a hostile work environment and retaliated against because she complained of discrimination.

## B. Allegations of Violation of the ADA and PHRA

32. On or about August 27, 2015, Plaintiff was injured in the course and scope of her employment with Keystone Food Products.

33. As a result of the aforementioned injury, Plaintiff was diagnosed with a medical condition[1] that is a disability as defined by the ADA, as amended by the ADAAA, because it is a chronic condition that substantially limits one or more major life activities, including pushing, pulling, and lifting, especially above shoulder height.

34. Despite medical treatment, Plaintiff remains more limited in her ability to use her arms and the ability to move her neck and head in a normal range of motion. than members of the general population,

---

[1] Plaintiff is withholding the diagnosis in this publicly available document because of concerns of medical privacy. See e.g. *Balliet v. Scott's Auto Serv.*, 2013 U.S. Dist. LEXIS 45321, 14, 27 Am. Disabilities Cas. (BNA) 1521, 2013 WL 1285474 (E.D. Pa. 2013)(denying motion to dismiss based on allegations identical to the allegations herein).

35. In addition, Plaintiff is unable to sleep on her back because of her medical condition.

36. Plaintiff provided Defendants with notice of her condition, limitations and work restrictions by giving them a report from her treating physician.

37. Biddle consistently engaged in a pattern of hypercriticism and hyperscrutiny of Plaintiff, which intensified after her ADA protected status and conduct, including, but not limited to:

    a.  Frequently screaming, "do you want to work?!" if Plaintiff was struggling, especially in lifting and pulling;

    b.  Yelling at Plaintiff to "return to the production floor" during her bathroom and lunch breaks;

    c.  Telling Plaintiff she was "taking too long" on her five-minute bathroom breaks;

    d.  Yelling at Plaintiff for troubleshooting and fixing a broken tape machine to keep the production moving for the packers and accusing her of "not doing [her] job;"

    e.  Telling Plaintiff that she needed to work faster, with less breaks and that she needed to move faster;

    f.  In the summer of 2019, after Plaintiff returned to work after having surgery (protected ADA/PHRA leave—as well as FMLA protected leave), yelling at Plaintiff for leaving for a previously

schedule doctor's appointment and screaming in front of Plaintiff's co-workers, "Her first day back and she is already leaving early."

38. Following her surgery, Plaintiff requested a reasonable accommodation of light duty as recommended by her doctor.

39. Defendants failed to grant and/or honor this reasonable accommodation, frequently assigning her to work on heavy lifting duties and machines which were above her weight restrictions, most notably the Fuji machine.

40. Following Plaintiff's surgery, she was summoned to a meeting with Biddle, Schmeal, Norris and Santo. At that meeting the aforementioned pressured Plaintiff to ask her doctor to change her work restrictions.

41. When Plaintiff reminded Biddle that she was struggling and in pain, especially while working on the Fuji machine, Biddle replied, "do you want to work or not?"

42. Specifically Plaintiff was told at the above referenced meeting, that if she did not bring in "different paperwork," she "wouldn't have a job."

43. Fearing the aforementioned threats that she would lose her job if she did not ask her doctor to modify her work restrictions, Plaintiff went to her doctor and asked that her restrictions be reduced.

44. During this time Plaintiff was falsely accused, written up and suspended wrongfully for mistakes she did not make.

45. Biddle gave Plaintiff a workmanship violation warning and suspended Plaintiff, while Williams, a comparable but not disabled Caucasian was not suspended.

46. Plaintiff challenged the suspension to Carriere and told him that Biddle was discriminating against her and Carriere acknowledged that the suspension was wrongfully imposed.

47. Plaintiff engaged in protected conduct under the ADA by requesting reasonable accommodation as set forth above.

48. At all times thereafter, Defendants engaged in a pattern of hostility toward Plaintiff because of her requests for reasonable accommodation.

49. On or about December 4, 2019, Plaintiff spoke with Schmeal and told him that working on the same machine for seven straight weeks had exacerbated her medical condition.

50. Plaintiff explained to Schmeal that she was in a great deal of pain.

51. Plaintiff requested that Schmeal move her to a new position in order to alleviate her constant pain.

52. Schmeal ignored Plaintiff's requests and took no remedial action.

53. Defendant never acted on Plaintiff's request for accommodation and never engaged in the interactive process.

## C. Allegations of Pretextual Termination

54. In or about March 2019, April 2019, and November 2019, Plaintiff reported a pattern of harassment and violent conduct toward her by a female co-employee, Rodriguez, including, but not limited to the following conduct by Rodriguez:

   a. Regularly yelling insults at Plaintiff;

   b. Using slurs against Plaintiff;

   c. Regularly shouting profanities at Plaintiff;

   d. Getting so close and physically threatening Plaintiff, by ripping a bag of product out of her hands.

55. Plaintiff reported Rodriguez's pattern and practice of harassing conduct, physical attacks and threats against her to Schmeal. At all relevant times, Plaintiff stated that her disabilities and medical conditions made her particularly susceptible and in fear of physical assault by Rodriquez.

56. Despite reporting her fears of working with Rodriguez and concerns to Schmeal, no remedial action was taken and Plaintiff was forced to work with Rodriguez on a daily basis.

57. Schmeal was on notice that Rodriguez had a history of fighting at work.

58. On or about December 17, 2019, Plaintiff was again physically attacked by Rodriguez, which was unprovoked by Plaintiff.

59. Rodriguez kicked Plaintiff in the stomach while screaming at Plaintiff. The attack on Plaintiff was unprovoked.

60. A co-employee, a mechanic working nearby, intervened because Rodriguez was kicking Plaintiff.

61. In addition, Biddle knew that Plaintiff was not a combatant, and had been attacked by Rodriguez.

62. Despite the fact that Plaintiff had no history, in her 19 years working for Defendant Keystone Food Products, of fighting, Plaintiff was fired by Biddle.

63. At all times, Plaintiff worked to the best of her ability and did not purposefully or intentionally violate any work rules.

64. Defendant's stated reason for terminating Plaintiff is manufactured and pretextual, as Plaintiff believes and asserts that comparable employees are not treated similarly in such cases.

65. Furthermore, as set forth above, Biddle actually knew that the allegation that Plaintiff was fighting was false.

66. Moreover, Plaintiff was attacked and did not fight back.

67. Plaintiff therefore did not commit an act or have the intent to cause bodily injury in violation of Defendant's policy.

68. In retaliation for Plaintiff reporting the hostile work environment, harassment, discrimination, and retaliation to which she was exposed, she was ostracized and subjected to intensified harassment with the knowledge and acquiescence of Defendant Keystone Food Products.

69. Defendant has, acting through the Individual Defendants, its agents, servants and representatives, on more than one occasion, met with Plaintiff, and heard allegations from Plaintiff of harassment discrimination and retaliation.

70. Defendant has, acting through the Individual Defendants, its agents, servants and representatives, on more than one occasion, met with Plaintiff and heard her request for accommodation for her medical condition.

71. At all relevant times herein, Defendants knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

72. The aforementioned conduct was undertaken by Biddle, Schmeal, Norris, Santo as well as Rodriguez at a time when they spoke with the apparent authority of Defendant Keystone Food Products.

73. Instead of investigating the aforementioned allegations or taking prompt remedial actions, Defendant Keystone Food Products and Defendants Biddle, Schmeal, Norris, Santo and/or Rodriguez retaliated against Rosario Cano and failed to promptly and effectively address Plaintiff's complaints concerning their harassment, discrimination, failure to accommodate and retaliation.

74. Defendant Keystone Food Product's supervisors, managers, and employees, including the Individual Defendants, participated in and encouraged the discrimination and retaliation to which Plaintiff was subjected.

## COUNT I
## ROSARIO CANO
### v.
## KEYSTONE FOOD PRODUCTS
## VIOLATION OF THE ADA

75. Paragraphs 1 through 74, inclusive, are incorporated by reference as if fully set forth at length herein.

76. At all times relevant herein, Plaintiff was disabled, had a record of a disability, and was regarded as and/or perceived as disabled by Defendant.

77. Plaintiff was able to perform all of the essential functions of her position with or without accommodation.

78. By reason of the conduct set forth above, Defendant intentionally, knowingly, and purposefully violated the ADA by invidiously discriminating against the qualified Plaintiff who had a disability.

79. By its actions and inactions through its agents, servants, and representatives, Defendant created, maintained, and permitted to be maintained a work environment, which was hostile to persons such as Plaintiff who are disabled, have a record of, or are perceived as having a disability.

80. As a direct result of Plaintiff's disability and/or request for accommodation, Defendant terminated Plaintiff's employment. Defendant's aforesaid actions were outrageous, egregious, malicious, intentional, willful, wanton, and in reckless disregard of Plaintiff's rights.

## COUNT II

### ROSARIO CANO
### v.
### KEYSTONE FOOD PRODUCTS
### RETALIATION UNDER THE ADA

81. Paragraphs 1 through 80, inclusive, are incorporated by reference as if fully set forth at length herein.

82. By the acts complained of, Defendant has retaliated against Plaintiff for exercising her rights under the Americans with Disabilities Act in violation of the Act.

83. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

## COUNT III

### ROSARIO CANO
### v.
### KEYSTONE FOOD PRODUCTS
### THE PENNSYLVANIA HUMAN RELATIONS ACT
### 43 Pa.C.S.A.§951, *et seq.*

84. Paragraphs 1 through 83, inclusive, are incorporated by reference as if fully set forth at length herein.

85. The unlawful actions of Defendants acting as aforesaid, constitutes a violation of Title 43 Pa. Stat. Ann. §951 *et seq.* of the Pennsylvania Human Relations Act.

86. As a direct result of Defendants' willful and unlawful actions in treating Plaintiff in a discriminatory manner in violation of 43 Pa. Stat. Ann. §951 *et seq.* of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earning, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back poay, front pay and interest due thereon.

**COUNT IV**
**ROSARIO CANO**
**v.**
**KEYSTONE FOOD PRODUCTS**
**RETALIATION UNDER THE PHRA**

87. Paragraphs 1 through 86, inclusive, are incorporated by reference as if fully set forth at length herein.

88. By the acts complained of, Defendant has retaliated against Plaintiff for exercising her rights under the Pennsylvania Human Relations Act in violation of said Act.

89. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until this Court grants relief.

**COUNT V**
**ROSARIO CANO**
**v.**
**BIDDLE, SCHMEAL, NORRIS and SANTO**
**AIDING AND ABETTING UNDER THE PHRA**

90. Paragraphs 1 through 89, inclusive, are incorporated by reference as if fully set forth at length herein.

91. The foregoing acts committed by the Individual Defendants constitutes aiding and abetting the discriminatory actions of Defendant Keystone Food Products.

## V. **PRAYER FOR RELIEF**

92. Plaintiff repeats the allegations of paragraphs 1 through 91 of this Complaint as if set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against Defendants and requests that this Court:

a. Exercise jurisdiction over her claims;

b. Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, and punitive damages;

c. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

d. Order Defendants compensate Plaintiff with a rate of pay and other benefits and emoluments to employment, to which she would have been entitled, had she not been subject to unlawful discrimination;

e. Order Defendants compensate Plaintiff with an award of front pay, if appropriate;

f.  Order Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of Defendants' unlawful conduct;

g.  Order Defendants pay to Plaintiff punitive damages and compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

h.  Order Defendants pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

i.  Award Plaintiff her attorneys' fees and costs; and

j.  Grant such other relief as the Court deems just and equitable.

## VI. JURY DEMAND

Plaintiff demands trial by jury.

HAHALIS & KOUNOUPIS, P.C.

By: /s/George S. Kounoupis
GEORGE S. KOUNOUPIS, ESQUIRE
20 East Broad Street
Bethlehem, PA 18018
(610) 865-2608
Attorneys for Plaintiff,
Rosario Cano

Date: June 24, 2021